```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


VICKI COTAYA TOSH                         CIVIL ACTION

VERSUS                                    NO: 06-7634

STATE FARM FIRE AND CASUALTY              SECTION: "J"(2)
COMPANY
```

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion to Remand (Rec. Doc. 5)**. State Farm Fire and Casualty Company ("State Farm") opposed this motion, which was set for hearing on December 6, 2006 on the briefs alone.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Plaintiff's motion to remand should be denied.

This action was removed to this Court from the 22nd Judicial District Court for the Parish of St. Tammany based on diversity and jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA").  Plaintiff filed a motion to remand arguing that the MMTJA does not support removal and arguing that diversity of citizenship does not exist based on the Louisiana direct action statute, La. R.S. 22:983(E).

This Court finds that diversity exists and provides a basis

1

for federal jurisdiction and removal.  The amount in controversy exceeds the required $75,000 jurisdictional amount. (See Attachment A to State Farm's opposition).  Further, the parties are diverse.  In her Petition, Plaintiff, a Louisiana citizen, admits that State Farm is a foreign insurer. Specifically, State Farm is an Illinois corporation.

The Louisiana direct action statute does not apply to this first party claim by an insured versus her own homeowner's insurer.  The fact that an insurer is named as a direct party in an action does not necessarily make the litigation a direct action for purposes of the federal diversity statute.  <u>See Evanston Ins. Co. v. Jimco, Inc.</u>, 844 F.2d 1185, 1188 (5th Cir. 1988). A direct action, for purposes of 28 U.S.C. § 1332(c)(1), is one in which the victim or injured party is permitted to sue the tortfeasor's insurance carrier directly for the insured's tortious conduct without first obtaining a judgment against the tortfeasor. <u>See</u> <u>Holland Am. Ins. Co. v. Succession of Roy</u>, 777 F.2d 992, 995 (5th Cir. 1985); <u>Searles v. Cincinnati Ins. Co.</u>, 998 F.2d 728, 729 (9th Cir. 1993); <u>Fortson v. St. Paul Fire and Marine Ins. Co.</u>, 751 F.2d 1157, 1159 (11th Cir.1985).  In other words, the plaintiff brings the tort action against the insurer that it would have otherwise brought against the insured.  <u>Gov't Employees Ins. Co. v. LeBleu</u>, 272 F.Supp. 421, 430 (E.D.La. 1967) (holding that a direct action simply allows the plaintiff to

litigate the issue of the tortfeasor's liability and damages with its insurer instead of having to first sue an insolvent tortfeasor and then proceed against its insurer).

Accordingly, courts have found that certain types of actions are not direct actions for purposes of diversity of citizenship, even if the insurer is named as a direct party by the plaintiff. For example, actions for breach of contract are not considered direct actions. See, e.g., Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 995 (5th Cir. 1985); North Am. Specialty Ins. Co. v. Georgia Gulf Corp., 99 F. Supp.2d 726, 728 (M.D. La. 2000); Deutsche-Schiffahrtsbank A.G. v. A. Bilbrough and Co., Ltd., 563 F.Supp. 1307, 1309 (E.D. La. 1983); Taylor v. Fishing Tools, Inc., 274 F.Supp. 666, 673 (E.D.La. 1967).

Furthermore, claims alleging an insurer's breach of good faith and fair dealing have been found not to constitute direct actions. See, e.g., Rosa v. Allstate Ins. Co., 981 F.2d 669, 675 (2nd Cir. 1992); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 847 (10th Cir. 1988); John Cooper Produce, Inc. v. Paxton Nat'l Ins. Co., 774 F.2d 433, 435 (11th Cir. 1985); Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 902 (9th Cir. 1982).  Nor is a plaintiff's claim brought under an assignment of rights by the insured considered to be a direct action. See, e.g., Ragas v. MGA Ins. Co., 1996 WL 467288, *1 (E.D.La., Aug. 14, 1996). Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion to Remand (Rec. Doc. 5)** should be and hereby is **DENIED**.

New Orleans, Louisiana this 20th day of December, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE